UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEMUEL BROWN,

    Plaintiff,

v.

Case No. 17-13442
Hon. Mark A. Goldsmith

KENNETH ROMANOWSKI, et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND (Dkt. 9) AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE

### I. INTRODUCTION

On October 20, 2017, Plaintiff Lemuel Brown, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, filed a pro se complaint alleging violations of his constitutional rights (Dkt. 1). The complaint named twenty-four defendants and raised issues about several unrelated incidents that occurred during Brown's incarceration from 2011 to 2016.

On December 28, 2017, the Court ordered Brown to file an amended complaint that included a short and plain statement of the facts and claims related to one transaction or occurrence or one series of transactions or occurrences. The Court also ordered Brown to name as defendants only those individuals who were involved in the transaction or occurrence described in the amended complaint. Finally, the Court warned Brown that failure to comply with the Court's order could result in the dismissal of the entire complaint. See 12/28/2017 Order (Dkt. 8). The Court's order was based on Federal Rule of Civil Procedure 20(a)(2), which states that multiple defendants may be joined in one action only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

On January 23, 2018, Brown responded to the Court's order by filing a document titled "Brown Motion to Amend Tort Complaint" (Dkt. 9). Although the title of the document suggests that Brown intends to amend his complaint, the body of the complaint indicates that Brown wants the Court to amend its previous order and allow him to proceed against multiple defendants. Id. at 1, 4. Because Brown's motion does not comply with the Court's previous order, the Court will dismiss the complaint.

## II. DISCUSSION

### A. Legal Framework

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint for failure to comply with a court order. A federal court also has inherent power to dismiss a case, Coleman v. Am. Red Cross, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994), and even though Rule 41(b) contemplates a dismissal on motion of a defendant, the Supreme Court has held that district courts may sua sponte dismiss a case under Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 630-33 (1962). An order of dismissal under Rule 41(b) is reviewed for an abuse of discretion. Link, 370 U.S. at 633; Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991).

> When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Stough v. Mayville Cmty. Sch., 138 F.3d 612, 615 (6th Cir. 1998).

### B. Application

Here, the Court ordered Brown to submit an amended complaint that included a short and plain statement of the facts and claims related to <u>one</u> transaction or occurrence or <u>one</u> series of transactions or occurrences. In his response to the Court's order, Brown raises several issues about unrelated events, including: (1) a prison official's failure to deliver Brown's outgoing mail to an attorney in 2012; (2) state officials' refusal in 2013 to allow Brown to have transition lenses in his eyeglasses, and their retaliatory transfer of Brown to another prison; (3) a prison disciplinary report charging Brown with using another prisoner's PIN to make a phone call; (4) a search and confiscation of Brown's personal property in 2014; (5) correctional officials' refusal to permit Brown to use a typewriter and their denial of Brown's request for a photocopy of a document; (6) the denial of extra bedding, clothing, and athletic shoes at some unspecified time; (7) the transfer of Brown from an Eastside facility to a Westside facility in 2015 and the refusal to let him return to the Eastside to retrieve an item; (8) a transfer back to the Eastside on the basis of a false charge of possessing drugs, and the subsequent loss of some of Brown's personal property; and (9) the confiscation of Brown's typewriter. Pl. Mot. to Amend at 1-4 (Dkt. 9).

Despite being ordered to reduce his complaint to allegations about one transaction or occurrence and to name only the defendants related to that one transaction or occurrence, Brown continues to allege facts and claims about multiple transactions and occurrences involving different defendants at different institutions. Brown's allegations involve very different claims, ranging from the denial of access to the courts under the First Amendment to cruel and unusual punishment under the Eighth Amendment. Brown has failed to demonstrate that all the incidents are related. He also has failed to allege a question of fact common to all the defendants.

The Court concludes that Brown did not comply with the Court's previous order. His failure to do so is unaccompanied by any explanation or purported justification. Therefore, his

"conduct constitutes bad faith or contumacious conduct," Steward v. City of Jackson, Tenn., 8 F. App'x 294, 296 (6th Cir. 2001), and the first Stough factor is satisfied.

The second factor -- whether the adversary was prejudiced by the party's conduct -- weighs in Brown's favor, because none of the defendants has filed an appearance in this case. They have not even been served with the complaint and, therefore, have not been prejudiced by Brown's conduct.

The third factor weighs in favor of dismissal, because the Court specifically warned Brown that failure to comply with its order regarding Rule 20(a)(2) could result in the dismissal of the complaint. "Prior notice, or lack thereof, is the key consideration when determining whether a district court abuses its discretion in dismissing a case for failure to comply with a court order." Steward, 8 F. App'x at 296 (citing Stough, 138 F.3d at 615).

As for the fourth Stough factor, the Court did consider a less drastic sanction than dismissal when it first screened Brown's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court granted Brown an opportunity to amend his complaint. The Court is not required to exhaust all sanctions short of dismissal before finally dismissing a case, particularly when, as here, the proposed amendment is as confusing and conclusory as the complaint. Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).

### III. CONCLUSION

Three of the four Stough factors weigh in favor of dismissal. Furthermore, it is not an abuse of discretion to dismiss a case without prejudice for failure to comply with a court order requiring the Brown to show that his claims arose out of the same transaction or occurrence or series of transactions or occurrences. Skillern v. Georgia Dep't of Corr. Comm'r, 379 F. App'x 859, 860 (11th Cir. 2010).

Accordingly, the Court denies Brown's motion to amend (Dkt. 9) and dismisses the complaint without prejudice for failure to comply with the Court's previous order. Fed. R. Civ. P. 41(b).

SO ORDERED.

Dated: March 9, 2018　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 9, 2018.

　　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　　Case Manager